In the Matter of the Petition of CLARA T. COOKE and THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Executors of the Last Will and Testament of WILLIAM MAAS, Deceased, for a Determination as to the Construction and Effect of the Provisions of the " Fifth " Paragraph of Said Last Will and Testament of WILLIAM MAAS, Late of the City of Albany, County of Albany, New York, Deceased.

ELIZABETH D. MAAS and DOROTHY MELANIE MAAS, Appellants; CLARA T. COOKE and THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Executors, etc., of WILLIAM MAAS, Deceased, and WINFIELD W. BENDER, Respondents.

Third Department, May 17, 1939.

*John T. DeGraff* [*William K. Sanford* with him on the brief], for Elizabeth D. Maas, appellant.

*George W. Foy, Special Guardian,* for Dorothy Melanie Maas, appellant.

*McClung & Peters* [*Homer E. Peters* of counsel], for Clara T. Cooke and The National Commercial Bank and Trust Company of Albany, as executors, respondents.

*Joseph P. Keenan, Special Guardian,* for Winfield W. Bender, respondent.

PER CURIAM. The testator left him surviving a widow, one minor daughter, a sister, Clara T. Cooke, two other sisters, two brothers, two nieces and a nephew. The will, which is dated on February 10, 1930, makes provision for the sister Clara T. Cooke by giving her one-third of the estate, bequeaths about $15,000 to the remaining sisters and the brothers, nieces and nephew, sets up a trust fund of the residue of the estate for the benefit of the wife and the daughter. The " fifth " paragraph of the will reads as follows:

" *Fifth.* If, at the time of my death, I am still conducting business in the city of Albany as at present, under the trade name or style of ' Berkshire Laundry,' it is my desire and I hereby authorize and empower my Executors and Trustees, hereinafter named, in their discretion, to continue said business for a period of not to exceed two years, said business to be conducted however, under the direction and supervision of my sister, Clara T. Cooke, she to receive, in addition to any lawful commissions to which she may be entitled, as Executor or Trustee, under this my last Will and Testament, an adequate salary for such direction and supervision, and in the event, that said ' Berkshire Laundry ' business is continued by my Executors and Trustees, as hereinbefore authorized, I expressly authorize my Executors, in their discretion, to postpone the payment of the specific legacies, hereinbefore in paragraphs ' Second ' and ' Third ' of this my last Will and Testament set forth, and bequeathed, until such time as said ' Berkshire Laundry ' be sold, and until such sale is made, I direct my Executors and Trustees to pay to my wife, Elizabeth D. Maas, from the proceeds of said laundry business the sum of Fifty ($50.00) Dollars

weekly, as and for the maintenance and support of herself and my daughter, Dorothy Melanie Maas."

At the time the will was made the testator was the owner and operator of a business known as the "Berkshire Laundry" which he had begun in 1913 and had built up until it was very profitable. On December 26, 1931, this business was incorporated. The capital of the new corporation consisted of 2,000 shares of common stock, of which testator owned 1,998. He gave 1 share each to his sister Clara T. Cooke and his brother Joseph Maas, and they, with him, constituted the board of directors. Testator became the president and treasurer, Joseph Maas the vice-president and Clara T. Cooke the secretary of the corporation. Meetings of the board of directors and stockholders were held neither regularly nor frequently, and testator continued to manage and operate the business the same as he had done before incorporation. He drew money from the corporation at will. No dividends were declared. The name of the new corporation was "Berkshire Family Laundry, Inc." All of the assets, both real and personal, of the former laundry business were transferred to the corporation.

The court below held that the conditions expressed in the "fifth" paragraph of the will did not exist at the time of testator's death, because of the incorporation of the business; that the powers conferred by this paragraph could not be validly exercised and that the same was inoperative and of no effect.

We believe this to be an incorrect construction of the fifth paragraph of the will. To all practical intents and purposes at the time of his death the testator was still conducting his laundry business in the city of Albany the same as when the will was made. It was the same business and he was handling it in the same manner with complete disregard of the corporate entity. The slight change in name due to the incorporation did not render inoperative the provisions of the fifth paragraph of the will. The phrase "under the trade name or style" should not be given a strict legalistic meaning, but rather that which a layman such as the testator would apply to it. That there are now added difficulties, due to the corporate entity, in complying with the provisions of the fifth paragraph of the will does not change the testator's intention as expressed in the will itself. It is not impossible for the executors, through their complete control of the corporation, to comply with the provisions of this paragraph of the will. The testator himself did not permit the corporate entity to interfere with his own control and management of the business and his enjoyment of its profits. To him it was still the same business.

The decree of the Surrogate's Court is reversed and a decree may be entered construing the fifth paragraph of the will in accordance with this opinion, with costs in the court below and in this court to the special guardians and all parties filing briefs, payable out of the estate.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Decree of the Surrogate's Court reversed, and a decree may be entered construing the fifth paragraph of the will in accordance with opinion, with costs in the court below and in this court to the special guardians and all parties filing briefs, payable out of the estate.